UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES  DISTRICT COURT

## Northern District of California

San Francisco Division

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, as trustee for WaMu Mortgage Pass through Certificate for WMALT Series 2006-AR1 Trust,<br><br>Plaintiff,<br><br>v.<br><br>LUCILA MEDINA GONZALEZ,<br><br>Defendant.<br>_____/ | No. C 12-04991 LB<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: ECF No. 18] |

## INTRODUCTION

Plaintiff U.S. Bank, National Association, as trustee for WaMu Mortgage Pass through

Certificate for WMALT Series 2006-AR1 Trust ("U.S. Bank") filed a complaint for unlawful

detainer against Defendant Lucila Medina Gonzalez in San Francisco County Superior Court on

November 4, 2011.  Naiman Declaration, Exh. B, ECF No.18-2 at 23-28 ("Complaint").[1]  Ms.

Gonzalez removed the action from state court, alleging federal-question and diversity jurisdiction.

Notice of Removal, ECF No. 1 at 2-4.  U.S. Bank moves to remand the action back to state court,

arguing that its removal was improper because the court lacks subject-matter jurisdiction over it.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Motion to Remand, ECF No. 18.  Ms. Gonzalez has not filed an opposition, nor has she consented to

2  this court's jurisdiction.  Because U.S. Bank's unlawful detainer complaint presents only a state

3  claim on its face, and because the requirements for diversity jurisdiction are not met, the court finds

4  no basis for federal jurisdiction.  Accordingly, the court **ORDERS** that this case be reassigned to a

5  district court judge, and **RECOMMENDS** that the newly-assigned district court judge grant U.S.

6  Bank's motion and remand this action back to San Francisco County Superior Court.[2]

7                                                    **STATEMENT**

8      U.S. Bank alleges that it purchased real property at 710 Edinburgh Street, San Francisco,

9  California at a Trustee's Sale on March 15, 2011.  Complaint ¶ 8.  It also alleges that its title was

10 perfected and that a Trustee's Deed conveying title to it was recorded in the Official Records of San

11 Francisco County.  *Id.*  Accordingly, U.S. Bank alleges that it is the owner of the property and is

12 entitled to its immediate possession.  *See id.* ¶¶ 8-12.  Although U.S. Bank served Ms. Gonzalez,

13 who is the former owner of the property, with a written notice to quit and deliver possession of the

14 property, she has not done so.  *See id.* ¶¶ 9-12.  Thus, U.S. Bank filed an unlawful detainer action in

15 San Francisco County Superior Court on November 4, 2011.  *See generally id.*  U.S. Bank seeks

16 damages of less than $10,000.  *Id. ¶* 2.

17     On September 25, 2012, Ms. Gonzalez removed the action to federal court, alleging

18 federal-question and diversity jurisdiction.  Notice of Removal, ECF No. 1 at 2-4.  U.S. Bank now

19 moves to remand it back to state court.  Motion to Remand, ECF No. 18.  Ms. Gonzalez has not

20 opposed U.S. Bank's motion, and the deadline for doing so has passed.  *See* N.D. Cal. Civ. L.R. 7-

21 3(a).  Ms. Gonzalez also has not consented to or declined this court's jurisdiction, despite the

22 Clerk's efforts to get her to do so.  *See* Clerk's Notices, ECF Nos. 9, 14.

23                                                    **ANALYSIS**

24 **I.  LEGAL STANDARD**

25     A defendant in a state court may remove an action to federal court so long as the action could

26

27

28      [2] Pursuant to Civil Local Rule 7–1(b), the court finds this matter suitable for decision without
   oral argument and vacates the May 15, 2013 hearing.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  have originally asserted federal-question jurisdiction.[3]  28 U.S.C. 1441(b).  The burden is on the

2  removing defendant to prove the basis for the federal court's jurisdiction.  *Shizuko Nishimoto v.*

3  *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990).  If, after a court's prompt review

4  of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto

5  that removal should not be permitted, the court *shall* make an order for summary remand."  28

6  U.S.C. § 1446(c)(4) (emphasis added).  Removal jurisdiction statutes are strictly construed against

7  removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern*

8  *Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

9      The "well-pleaded complaint" rule requires a federal question to be presented on the face of the

10  plaintiff's complaint at the time of removal for federal-question jurisdiction to exist.  *Metropolitan*

11  *Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th

12  Cir. 1996).  An actual or anticipated federal defense is not sufficient to confer jurisdiction.

13  *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983);

14  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009).  However, a plaintiff may

15  not defeat removal by omitting necessary federal questions from his or her complaint.  *Franchise*

16  *Tax Bd. of California*, 463 U.S. 1 at 22.

17      Federal courts also have original jurisdiction where the opposing parties are citizens of different

18  states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Thus, in removal cases

19  where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a

20  defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even

21  if the opposing parties are citizens of different states).  *See* 28 U.S.C. § 1441(b).

22  **II.  APPLICATION**

23      **A.  The Court Lacks Federal-Question Jurisdiction**

24      Here, U.S. Bank alleges a claim against Ms. Gonzalez for unlawful detainer.  Complaint ¶¶ 6-12.

25  Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-

26

27

28      [3]  District courts have original jurisdiction over cases that arise under the law of the United
States.  U.S. Const. art. III, § 2, cl.1.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL

2  1465678, at \*1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011

3  WL 1754053, at \*2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203

4  GAF (SSx), 2010 WL 4916578, at \*2 (C.D. Cal. Nov. 22, 2010) .

5      Ms. Gonzalez nonetheless asserts that the court has federal-question jurisdiction because there is

6  "a federal question surrounding the construction of Pooling and Service Agreement of the

7  WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT SERIES

8  2006-AR1," because she "alleges a federal question of the due process rights guarantees under the

9  Fourteenth Amendment to the United States Constitution arising from property interests and

10  unlawful foreclosure by [U.S. Bank]," and because "a federal question exists as to this matter having

11  originated from Alliance Bancorp to WASHINGTON MUTUAL MORTGAGE PASS-THROUGH

12  CERTIFICATES, WMALT SERIES 2006-AR1, and whether plaintiff has established legal

13  standing in the foreclosure action." Notice of Removal, ECF No. 1 at 4. Despite Ms. Gonzalez's

14  attempt to state these arguments as affirmative claims, no such affirmative claims appear in the

15  Complaint. Rather, they are federal defenses, and, as stated above, federal defenses, regardless of

16  their merit, cannot provide this court with federal question jurisdiction. *Franchise Tax Bd. of*

17  *California*, 463 U.S. at 10; *Hunter*, 582 F.3d at 1042-43.

18      **B.  The Court Lacks Diversity Jurisdiction**

19      As stated above, federal courts have original jurisdiction where the opposing parties are citizens

20  of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). First, the

21  amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to

22  possession of the property is contested, not title to the property, and plaintiffs may collect only

23  damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*,

24  No. C 10-05478 PJH, 2011 WL 204322, at \*2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior*

25  *Ct.*, 67 Cal. App. 3d 162, 170 (1977)). Moreover, U.S. Bank requests damages of less than $10,000.

26  Complaint ¶ 2. The amount of damages at issue in this case does not come close to reaching the

27  threshold amount.

28      Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal

1   was not proper because U.S. Bank filed suit in California, and Ms. Gonzalez is a citizen of

2   California.  As explained above, 28 U.S.C. § 1441(b) prohibits removal where a defendant in the

3   case is a citizen of the state in which the plaintiff originally brought the action.

### CONCLUSION

5   Based on the foregoing, the court believes that remand to San Francisco County Superior Court

6   is appropriate.  Because Ms. Gonzalez has neither consented to or declined this court's jurisdiction,

7   the court **ORDERS** the Clerk of the Court to reassign this action to a district court judge and

8   **RECOMMENDS** that the newly-assigned district court judge grant U.S. Bank's motion and remand

9   this action back to San Francisco County Superior Court.

10   Any party may file objections to this Report and Recommendation with the district judge within

11   fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.

12   Cal. Civ. L.R. 72.  Failure to file an objection may waive the right to review of the issue in the

13   district court.

14   **IT IS SO ORDERED.**

15   Dated: April 30, 2013

16   _____
     LAUREL BEELER
     United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

C 12-04991 LB
REPORT AND RECOMMENDATION

5